# 95 DTA 12

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE AGUADILLA Y MAYAGUEZ

COQUI CAR RENTAL, INC.
Demandante-Peticionaria

v.

ESTADO LIBRE ASOCIADO DE P.R., SECRETARIO DE JUSTICIA PEDRO R. PIERLUISI, DIRECTOR INTERINO DIV. CONFISCACIONES JUAN M. TIRADO
Demandados-Recurridos

Núm. KLCE-95-0005

San Juan, Puerto Rico, a 23 de febrero de 1995

Panel integrado por su presidente, Juez Amadeo Murga, y los Jueces Brau Ramírez y Ramos Buonomo

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria, Coqui Car Rental, Inc., presentó una petición de *certiorari* el día 2 de febrero de 1995 ante el Tribunal de Circuito de Apelaciones. Solicita que expidamos un auto para revocar una resolución dictada por el anterior Tribunal Superior, Sala de Mayaguez (Hon. Fernando L. Torres Ramírez, J.), el 20 de diciembre de 1994. En dicha resolución, el tribunal denegó una moción solicitando sentencia sumaria presentada por la aquí peticionaria en un caso de impugnación de confiscación. La peticionaria presentó en tiempo una moción de reconsideración el día 19 de enero de 1995, la cual fue denegada mediante resolución a tales efectos dictada en la misma fecha y notificada el 24 de enero de 1995. No conforme, presentó la petición de *certiorari* que nos ocupa.

En la petición de *certiorari*, la peticionaria señala como único error que el tribunal de primera instancia erró al negarse a dictar sentencia sumaria a favor de la demandante peticionaria.

El día 3 de febrero de 1995, este Tribunal ordenó a la parte recurrida, Estado Libre Asociado de Puerto Rico y otros, mostrar causa, en o antes del día 21 de febrero de 1995, por la cual no debía expedirse el auto para revocar la resolución recurrida. La parte recurrida no ha comparecido. Estamos en condiciones de resolver.

Examinado el recurso de *certiorari*, sus anejos, la ley y la jurisprudencia aplicable, expedimos el auto y revocamos la resolución recurrida por los siguientes fundamentos.

### I

Surge del expediente que, en el caso de autos, la peticionaria presentó una demanda de impugnación de confiscación el día 27 de mayo de 1994 ante el anterior Tribunal Superior, Sala de Mayaguez, Civil Núm. I AC-94-0214 (203). En la demanda, alegó que, mediante carta de 18 de mayo de 1994, fue notificada por la parte recurrida de la confiscación de su vehículo Mitsubishi, año 1991, tablilla BDQ-690, el cual fue ocupado el día 5 de mayo de 1994 por alegadamente haber sido utilizado en violación a la Ley de Sustancias Controladas.

Alegó, además, que es la dueña legítima del referido vehículo y que fue privada de la posesión de éste, el día 25 de enero de 1994, mediante acciones fraudulentas, apropiación ilegal y engaño de parte del señor Roberto M. Menéndez. Éste intentó comprarle el vehículo, entregándole un cheque robado, hecho que desconocía la peticionaria al recibir el mismo. Al no poder cobrar el cheque, la peticionaria, a través de su vice presidente, señor Ediberto Ramos Arce, radicó una querella el 15 de marzo de 1994 en contra del señor Menéndez para recuperar la posesión del vehículo que le había sido despojada mediante representaciones falsas y fraudulentas. La peticionaria finalmente alegó en la demanda que desconocía que su vehículo sería utilizado por el señor Menéndez en violación de la Ley de Sustancias Controladas y que nunca autorizó dicho uso indebido. Por las razones expuestas, solicitó que se ordenara la devolución de su vehículo.

En la contestación a la demanda, la aquí recurrida aceptó lo alegado en el párrafo cinco de la demanda, el cual reza: *"La demandante, dueña del antes mencionado vehículo, desconocía que su vehículo sería utilizado por el Sr. Menéndez para cometer violaciones a la Ley de Narcóticos y nunca autorizó dicho uso indebido."* ■

Posteriormente, la peticionaria presentó una moción solicitando que se dictara sentencia sumariamente a su favor e incluyó con la misma una declaración jurada suscrita por el señor Ramos Arce, vice presidente de la peticionaria, declarando sobre la titularidad del vehículo objeto de la confiscación. Incluyó, además, copias de los siguientes documentos: (1) el título de propiedad del vehículo objeto de confiscación; (2) la licencia del vehículo de motor del mismo; (3) un cheque por la cantidad de $8,500.00 no honrado de 3 de enero de 1994; (4) un aviso de débito del Banco Popular al señor Ramos Arce por el cheque de $8,500.00; y (5) el informe de la querella de 15 de marzo de 1994 radicada por el señor Ramos Arce para recuperar el vehículo que posteriormente fue objeto de la confiscación impugnada■

La aquí recurrida se opuso mediante una moción, sin más, en donde indicó estar en desacuerdo con los planteamientos de la peticionaria.■

A pesar de una orden del tribunal, y una posterior prórroga, para que la recurrida refutara los hechos alegados por la peticionaria con prueba que estableciera la existencia de una controversia sustancial de hechos, dicha parte no cumplió.

No obstante lo anterior, el día 20 de diciembre de 1994, el tribunal dictó una resolución, denegando la moción de la peticionaria por entender que *"el conocimiento o la falta de éste en relación a la procedencia del cheque o que la persona fue engañada es una cuestión de credibilidad o subjetiva la cual debe ser dirimida en el juicio"*. En atención a una moción de reconsideración, el tribunal resolvió que *"[a]unque nos parece respetable el contenido de este escrito reiteramos que no creemos correcto conceder una solicitud de sentencia sumaria en el litigio que nos ocupa"*.

## II

En su recurso de *certiorari*, la peticionaria sostiene que, no habiendo sido controvertidos los hechos materiales establecidos en la moción de sentencia sumaria, el tribunal de primera instancia venía obligado a concederla de ser procedente como cuestión de derecho. Le asiste la razón.

El mecanismo procesal conocido como la sentencia sumaria está recogido en la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36. El Tribunal Supremo se ha expresado en torno al mismo en variadas ocasiones. Veamos.

En *Pilot Life Insurance Company v. Crespo Martínez,* ___ D.P.R. ___ (1994), **94 J.T.S. 104**, págs. 18, 20-21, el Tribunal Supremo reiteró que el propósito principal de la moción de sentencia sumaria es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no ameritan la celebración de un juicio en su fondo. Cuando se utiliza correctamente, este mecanismo procesal contribuye a descongestionar los calendarios judiciales■

Recientemente, el alto foro reafirmó que el fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. *PFZ Properties Inc. v. General Accident Insurance Company,* ___ D.P.R. ___ (1994), **94 J.T.S. 116,** págs. 111, 125.

Se exige, pues, que la parte promovente en una moción de sentencia sumaria demuestre

que no hay controversia real sustancial en cuanto a ningún hecho material y que procede dictarse sentencia a su favor como cuestión de ley. La parte opositora viene obligada entonces a poner en controversia los hechos presentados por el promovente. *Pilot Life Insurance Company v. Crespo Martínez, supra*, a la pág. 21.

En el caso de autos, el tribunal se basó en el caso de *Soto v. Hotel Caribe Hilton*, ___ D.P.R. ___ (1994), **94 J.T.S. 128**, pág. 308, para concluir que lo declarado por el señor Ramos Arce en la declaración jurada, de que desconocía que el cheque era robado, es una cuestión de credibilidad que debe ser dirimida en un juicio. Erró.

En *Soto v. Hotel Caribe Hilton, supra,* a la pág. 311, el Tribunal Supremo reiteró su posición de que no es aconsejable utilizar el mecanismo procesal de sentencia sumaria en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. El citado caso trataba de una acción de daños y perjuicios por un despido discriminatorio. El Tribunal Supremo encontró que se estableció controversia sobre algunos hechos esenciales, particularmente sobre la existencia o no de intención discriminatoria del patrono, por lo que no procedía que se dictara sentencia sumariamente.

En primer lugar, los hechos en el caso de autos son distinguibles a los del caso de *Soto v. Hotel Caribe Hilton*. Además, en el caso de autos, la peticionaria presentó una moción de sentencia sumaria bien fundamentada, estableciendo: (1) que era dueña del vehículo confiscado; y (2) que desconocía que el señor Menéndez pagó con un cheque robado, por lo que éste nunca obtuvo la posesión legal del vehículo.

La parte contraria negó estar de acuerdo con las alegaciones de la peticionaria, mas no fundamentó su oposición con prueba documental alguna que expusiera aquellos hechos materiales sobre los cuales pudiera existir controversia real sustancial. No logró establecer controversia alguna sobre la titularidad del vehículo ni de si la peticionaria conocía que el cheque usado para pagar por el vehículo era robado. Por el contrario, como señaláramos antes, la recurrida aceptó, en su contestación a la demanda y luego en su contestación a un interrogatorio, que la peticionaria es dueña del vehículo confiscado, que desconocía que éste sería utilizado por el señor Menéndez para violar la Ley de Sustancias Controladas y que nunca autorizó dicho uso indebido. Ante esta situación, el tribunal no venía obligado a dirimir cuestiones de credibilidad, por lo que resulta innecesaria la celebración de un juicio en su fondo.

Por otro lado, la recurrida se opuso a que se dictara sentencia sumariamente, basándose en que la defensa de *"tercero inocente"* es una defensa afirmativa que debe probarse en un juicio y que la acción de confiscación es de naturaleza *in rem,* es decir, que va dirigida contra la cosa y no contra su dueño. Concurrimos con la peticionaria a los efectos de que éstas son cuestiones de derecho que no impiden que se dicte sentencia sumariamente de ser procedente.

No habiendo hechos materiales en controversia en el caso que nos ocupa, resolvemos que procedía dictar sentencia sumariamente, aplicando el derecho a las cuestiones levantadas en torno a si era o no válida la confiscación. Procedemos a así hacerlo.

### III
En nuestro ordenamiento jurídico se ha establecido que el procedimiento de confiscación de la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723-1723c, es de carácter *in rem;* es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre la misma. *General Accident Insurance Co. v. E.L.A.,* ___ D.P.R. ___ (1994), **94 J.T.S. 140,** págs. 407, 410; *Del Toro Lugo v. E.L.A.*, ___ D.P.R.

___ (1994), **94 J.T.S. 119**, págs. 152, 160. Por ello, si el dueño, poseedor o encargado del vehículo, o la persona con interés legal sobre el mismo consciente y voluntariamente ha puesto dicho vehículo en posesión del infractor o de la persona bajo la cual éste actúa, los derechos de aquéllos corren la suerte del uso a que el infractor pueda someter el vehículo. *General Accident Insurance Co. v. E.L.A., supra; Del Toro Lugo v. E.L.A., supra.*

En *Ochoteco v. Tribunal Superior*, 88 D.P.R. 517 (1963), el Tribunal Supremo resolvió que si la posesión del vehículo por un empleado del dueño al momento de su acto delictuoso es ilegal, por apartarse de las instrucciones que el patrono dio al empleado, entonces no procede la confiscación por ser el dueño un tercero inocente.█

En *General Accident Insurance Co. v. E.L.A., supra,* el Estado confiscó varios vehículos por haber estado envueltos en ciertos actos delictivos. Las instituciones financieras que habían financiado dichos vehículos bajo contratos de venta condicional y sus compañías aseguradoras presentaron demandas de impugnación de confiscación, reclamando ser *"terceras inocentes"*. El Tribunal Supremo estableció en dicho caso que:

*"El carácter de "tercero inocente" sólo depende de la naturaleza de la posesión o uso del vehículo por el infractor. Si éste no obtuvo la posesión del vehículo de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresas del que le entregó dicha posesión, de modo que incurrió en conducta constitutiva de lo que antes se tipificaba como hurto de uso, ... entonces, y sólo entonces, tanto el dueño del vehículo como el vendedor condicional o cualquier otro con interés en el mismo son "terceros inocentes", protegidos contra la confiscación."*

A la pág. 411.

En el caso de autos, el señor Menéndez pagó el vehículo confiscado con un cheque que no pudo ser cobrado, por lo que estaba en posesión ilegal del mismo al momento de cometerse el acto delictivo el 5 de mayo de 1994.█ Prueba de lo anterior es la querella radicada por la peticionaria ante la Policía de Puerto Rico el día 15 de marzo de 1994, meses antes del acto delictivo, cuando se enteró que el cheque no pudo ser cobrado.

Ante la situación particular del caso de autos, es forzoso concluir que la peticionaria es tercera inocente y, por ende, debe ser protegida frente a la confiscación.

**IV**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la resolución recurrida. En su lugar, se dicta sentencia declarando con lugar la demanda de impuqnación de confiscación y se ordena la devolución del vehículo confiscado en el caso de epígrafe a la peticionaria.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 12**

**1.** Copia de la notificación de la resolución fue archivada en autos el día 12 de enero de 1995.

**2.** Véase Demanda, Petición de *certiorari*, Apéndice, a las págs. 1-2.

**3.** Véase Contestación a demanda, Petición de *certiorari*, Apéndice, a la pág. 9; y Demanda, *supra*, a la pág. 2.

**4.** Véase Moción solicitando sentencia sumaria, Petición de *certiorari*, Apéndice, a las págs. 11-21.

**5.** Véase Moción en oposición a solicitud de sentencia sumaria, Petición de *certiorari*, Apéndice, a las págs. 24-25.

**6.** Es necesario enfatizar que el mecanismo procesal de la sentencia sumaria es muy útil en la rápida y justa solución de casos en los tribunales. Presentada correctamente, una moción de sentencia sumaria es un instrumento que facilita la tarea del juez. Entendemos, pues, que los jueces deben aprovechar este mecanismo y dictar sentencia sumariamente cuando la misma proceda. El no hacerlo sólo congestiona nuestros tribunales de casos en los cuales es innecesario celebrar juicio en su fondo.

**7.** Esta norma fue aplicada en un caso similar ante el Tribunal Supremo, resuelto mediante sentencia. *Alvenre Corp. v. Srio. de Justicia,* ___ D.P.R. ___ (1992), **92 J.T.S. 79**, pág. 9598.

**8.** Véase la notificación hecha a la peticionaria por el Secretario de Justicia el 18 de mayo de 1994 en donde consta la fecha del acto delictivo que conllevó la confiscación aquí impugnada. Petición de *certiorari*, Apéndice, a la pág. 3.